[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13510

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01930-CV-AR-S

BOBBIE HARRIS, individually, and on
behalf of all others similarly situated,

Plaintiff-Appellant,

UNITED STATES OF AMERICA,

Intervenor-Plaintiff-Appellant,

versus

MEXICAN SPECIALTY FOODS, INC.,
d.b.a. La Paz Restaurante & Cantina,

Defendant-Appellee.

_____

No. 08-13616

_____

D. C. Docket No. 07-01397-CV-AR-S

JULIE BEST GRIMES,
individually and as representative of
all other persons similarly situated,

                                              Plaintiff-Appellant,

NIMROD W.E. LONG, III, et al.,

                                              Plaintiffs,

UNITED STATES OF AMERICA,

                                              Intervenor-Plaintiff-Appellant.

                            versus

RAVE MOTION PICTURES BIRMINGHAM, LLC,
RAVE MOTION PICTURES BIRMINGHAM, II, LLC,
RAVE MOTION PICTURES BIRMINGHAM, III, LLC,
Delaware limited liability companies,
d.b.a. Rave Motion Pictures,
RAVE REVIEWS CINEMAS, LLC,
a Delaware limited liability company,
BOSTON VENTURES LP,
a Delaware limited partnership,

                                              Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(April 9, 2009)

2

Before EDMONDSON, Chief Judge, DUBINA and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

In this case we consider the constitutionality of the statutory-damages provision found in § 616(a)(1)(A) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. The district court, finding that the statutory-damages provision is unconstitutionally vague and excessive, dismissed the complaints with prejudice. For the reasons stated below, we vacate the rulings of the district court and remand for further proceedings.

## I. BACKGROUND

### A. The FCRA

The FCRA endeavors to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy," Safeco Ins. Co. of America v. Burr, 551 U.S. 47, __, 127 S. Ct. 2201, 2205 (2007), by, among other things, compelling merchants to adopt procedures to safeguard consumers' credit information. See 15 U.S.C. § 1681(b). In 2003, Congress passed the Fair and Accurate Credit Transactions Act ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952 (2003) (codified at 15 U.S.C. § 1681c(g)), amending the FCRA. FACTA, which is aimed at protecting consumers from identity theft, provides that "no person that accepts credit cards or debit cards for the transaction of business shall

3

print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).[1]

As part of its framework, the FCRA authorizes consumers to bring private suits for willful violations of its terms.[2] Originally, the FCRA provided actual and punitive damages for willful violations. 15 U.S.C. § 1681n(1)-(2) (1970). In 1996, Congress amended this section, adding that victims of willful violations could receive "any actual damages sustained by the consumer as a result of the failure or [statutory] damages of not less than $100 and not more than $1,000." Pub L. No. 104-208, Div. A, Title II, Subtitle D, 2412(b), 110 Stat. 3009-446 (1996) (codified at 15 U.S.C. § 1681n(a)(1)(A)) (emphasis added). In addition, the FCRA still allows victims of willful violations to receive punitive damages. See 15 U.S.C. § 1681n(a)(2).

The FCRA was further amended by the Credit and Debit Card Receipt Clarification Act of 2007 ("Clarification Act"), Pub. L. No. 110-241, 122 Stat.

---

[1] This provision applies to electronically-generated customer receipts, not those made by handwriting or imprinting a copy of the card. 15 U.S.C. § 1681c(g)(2). To provide merchants with an opportunity to become FACTA-compliant, the law did not go into effect until January 1, 2005 for new credit card receipt printers and December 4, 2006 for printers in use prior to January 1, 2005. 15 U.S.C. § 1681c(g)(3).

[2] The FCRA also imposes liability for negligent violations, see 15 U.S.C. § 1681o(a), but that provision is not at issue in this appeal.

1565 (2008) (codified at 15 U.S.C. § 1681n(d)), which was signed into law on June 3, 2008 – just a few days after the district court's decision in the instant case. The Clarification Act applies to transactions that took place between December 4, 2004, and June 3, 2008, exempting merchants from liability for willful violations of the FCRA in cases where the merchant printed credit card expiration dates on customer receipts, but "otherwise complied" with FACTA. Id. The Clarification Act applies retroactively to all cases pending as of the time of its enactment. Id. This means that to recover for willful FACTA violations that occurred prior to the enactment of the Clarification Act, a customer must prove that the merchant printed more than the last five digits of the customer's card number on an electronically-generated receipt. Simply proving that the expiration date was printed will not suffice.

B.  Procedural History

Plaintiff-Appellants Bobbie Harris and Julie Best Grimes (collectively "the plaintiffs") filed separate cases in district court against Defendant-Appellees Mexican Specialty Foods, Inc. ("Mexican Speciality Foods") and Rave Motion Pictures, Birmingham, LLC,[3] respectively (collectively "the defendants"), alleging that the defendants willfully violated FACTA, and seeking statutory damages,

_____

[3] Grimes' complaint also names a number of entities doing business as or related to Rave Motion Pictures.

5

punitive damages, costs of suit, and attorney's fees, pursuant to 15 U.S.C.

§ 1681n(a). The plaintiffs' complaints also seek class certification on behalf of themselves and all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed classes include every customer who engaged in a credit or debit card transaction with one of the defendants after the date FACTA became effective and whose electronically-generated receipt included more than the last five digits of the customer's card number and/or its expiration date.[4]

The defendants filed motions for summary judgment, alleging that the FCRA's statutory-damages provision is unconstitutional. The United States ("the government") intervened as a plaintiff pursuant to 28 U.S.C. § 2403(a) to defend the constitutionality of the statute.

The district court issued a single order declaring the FCRA's statutory-damages provision unconstitutionally vague on its face and unconstitutionally excessive on its face and as applied to the defendants, in violation of the Fifth Amendment Due Process Clause.[5] The claims were dismissed with prejudice. The

[4] As noted above, the complaints were filed prior to the enactment of the Clarification Act, which is why the putative classes include individuals whose electronically-generated receipts contained their card expiration dates, but not more than five digits of their card numbers.

[5] Because the district court did not expressly delineate between its facial and as-applied analyses, some of the parties' briefs conduct facial and as-applied analyses for both the vagueness and excessiveness issues. Upon thorough review of the district court's opinion, we

6

plaintiffs appealed and we consolidated the cases.[6]  For the reasons stated below,

we conclude that: (1) the merits of the as-applied excessiveness challenge are not

ripe for adjudication; (2) the statute is not unconstitutionally vague on its face; and

(3) the statute is not unconstitutionally excessive on its face.  We therefore vacate

the district court's order and remand for further proceedings.

## II.  STANDARD OF REVIEW

We review <u>de novo</u> questions concerning our subject matter jurisdiction,

including ripeness.  <u>Elend v. Basham</u>, 471 F.3d 1199, 1204 (11th Cir. 2006).  We

review the constitutionality of a challenged statute <u>de novo</u>.  <u>Konikov v. Orange

County, Fla.</u>, 410 F.3d 1317, 1321 (11th Cir. 2005).

## III.  DISCUSSION

A.  Ripeness

We first address whether the instant case is ripe for adjudication.  Ripeness

doctrine "originate[s] from the Constitution's Article III requirement that the

jurisdiction of the federal courts be limited to actual cases and controversies."

<u>Elend</u>, 471 F.3d at 1204-05.  For a court to have jurisdiction, the claim must be

---

conclude that the court did not find the statute unconstitutionally vague as applied.  The vagueness section only addresses alleged deficiencies in the statute itself, not in its application to these particular defendants.  We, therefore, do not discuss the vagueness as-applied arguments.

[6] Two other cases were also included in the district court's order, but are not involved in the instant appeal.

"sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." Cheffer v. Reno, 55 F.3d 1517, 1524 (11th Cir. 1995). "The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." Digital Props., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

Because the question of ripeness depends on the timing of the adjudication of a particular issue, see Atlanta Gas Light Co. v. Fed. Energy Regulatory Comm'n, 140 F.3d 1392, 1403-04 (11th Cir. 1998), it applies differently to facial and as-applied challenges. A facial challenge asserts that a law "always operates unconstitutionally," BLACK'S LAW DICTIONARY 223 (7th ed. 1999) (emphasis added); therefore, a facial challenge will succeed only if the statute "could never be applied in a constitutional manner." DA Mortgage, Inc. v. City of Miami Beach, 486 F.3d 1254, 1262 (11th Cir. 2007). In the context of a facial challenge, a purely legal claim is presumptively ripe for judicial review because it does not require a developed factual record. See Nat'l Treasury Employees Union v. Chertoff, 452 F.3d 839, 854-55 (D.C. Cir. 2006); Solantic, LLC v. City of Neptune Beach, 410

8

F.3d 1250, 1274 (11th Cir. 2005); <u>Roe No. 2 v. Ogden</u>, 253 F.3d 1225, 1232 (10th Cir. 2001).  An as-applied challenge, by contrast, addresses whether "a statute is unconstitutional on the facts of a particular case or to a particular party."  BLACK'S LAW DICTIONARY at 223.  Because such a challenge asserts that a statute cannot be constitutionally applied in particular circumstances, it necessarily requires the development of a factual record for the court to consider.  <u>See</u> <u>Siegel v. LePore</u>, 234 F.3d 1163, 1171 (11th Cir. 2000).

In the instant case, the defendants' facial challenges to the FCRA are sufficiently ripe for adjudication.  The district court found that the statute provides no guidance for juries in determining whether to award damages at the upper or lower end of the $100 to $1,000 statutory-damages range.  As such, it always leaves damages "to the whim of the jury" and permits inconsistent, "willy nilly" verdicts.  The district court concluded that these attributes render § 616(a)(1)(A) unconstitutionally vague.  Moreover, the court found that because § 616(a)(1)(A)'s statutory-damages provision is "expressly not compensatory in nature," its verdicts will always be unconstitutionally excessive.  Although the district court issued its order prior to trial, we may consider the merits of its two facial rulings because they do not require a detailed examination of the facts of the instant case.

The as-applied excessiveness challenge is more problematic.  When a

9

damages award is punitive in nature, it is subject to constitutional excessiveness review. See Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1334 (11th Cir. 1999). Typically, excessiveness review occurs after a jury has delivered a damages award. See, e.g., State Farm Mut. Ins. Co. v. Campbell, 538 U.S. 408 (2003) (finding that the jury's punitive damages award of $145 million was unconstitutionally excessive); Action Marine, Inc. v. Cont'l Carbon Inc., 481 F.3d 1302 (11th Cir. 2007) (upholding a jury's punitive damages award of $17,500,000); Kemp v. Am. Tel. & Tel. Co., 393 F.3d 1354 (11th Cir. 2004) (reducing a jury's punitive damages award of $1,000,000 to $250,000). In its pre-trial order, however, the district court employed a series of assumptions and found that, based on these assumptions, any verdict awarded by the jury would necessarily be unconstitutionally excessive. The court assumed that: (1) the defendants would not oppose class certification; (2) in each case, the class would be certified and would include all individuals proposed by the plaintiffs; (3) none of the plaintiffs suffered any actual harm; and (4) the plaintiffs would prove that the defendants willfully violated the FCRA and would thus each be entitled to at least $100 in statutory damages. The district court applied these assumptions and found that upon proving liability, the plaintiffs would be entitled to monetary awards that would be grossly disproportionate to the harm caused, and that the

10

award would likely bankrupt the defendants. The court found that remittitur would be unavailable because the FCRA guarantees between $100 and $1,000 per violation, thus stripping courts of discretion to reduce the verdict below $100 per violation. Based on these grounds, the district court found that the FCRA would impose an unconstitutionally excessive penalty when applied to the defendants.

We conclude that the district court erred in ruling on the as-applied excessiveness challenge because many of the court's assumptions required the resolution of issues which are directly disputed. First, the assumption that the defendants would not oppose class certification is belied by the record. There is no evidence in the record to support the district court's assumption "that none of these defendants will continue to resist class treatment if they do not get from this court and the reviewing courts, a declaration that this statute, insofar as it applies to these defendants, is unconstitutional." In fact, prior to the district court granting summary judgment, Mexican Specialty Foods filed a motion entitled, "Motion for Summary Judgment and [to] Strike Class Allegations," (emphasis added), which included a section arguing that, in this case, the class action device fails to satisfy the "superiority" requirement of Rule 23 of the Federal Rules of Civil Procedure. The district court did not rule on this aspect of the motion.

Second, it is not yet clear at this early stage in the proceedings whether the

11

district court's assumption that none of the proposed class members suffered any actual damages is correct. Neither the FCRA, nor the plaintiffs' proposed classes, limit recovery of statutory damages to those individuals who did not suffer actual damages. The district court assumed that because the plaintiffs seek statutory damages, they and the members of the putative classes did not suffer harm. This court has recognized that even though statutory damages may be used in cases where no actual damages were incurred, they are also often employed where damages are "difficult or impossible to calculate." Cable/Home Commc'n Corp. v. Network Prod., Inc., 902 F.2d 829, 850 (11th Cir. 1990). Thus, it is possible that members of the proposed classes have suffered actual harm, but that such harm is small or difficult to calculate.

Finally, the district court engaged in impermissible speculation when it assumed that the plaintiffs would successfully prove that the defendants willfully violated the FCRA. A violation is "willful" for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law. Safeco, 127 S. Ct. at 2210. The defendants' briefs concede that some receipts were printed with more than five credit card numbers on them, but dispute whether the violations were committed willfully. It was therefore inappropriate for the district court to assume that willfulness would be proven and that each class

12

member would receive at least $100 in statutory damages.

Once the district court's assumptions are removed, the as-applied excessiveness challenge is not ripe. At this stage in the proceedings it is impossible to know whether the classes will be certified, how many individuals will be included in each class, whether they will prove willfulness, and the size of the ultimate verdicts. The district court therefore lacked jurisdiction to consider whether the FCRA's statutory-damages provision is punitive and will yield unconstitutionally excessive verdicts when applied to these defendants.

We conclude, however, that the facial constitutional challenges are ripe for adjudication, although the as-applied challenge is not. We therefore analyze the facial challenges below.

B.  Facial Vagueness

The district court reasoned that the absence of criteria for assessing the appropriate amount of damages within § 616(a)(1)(A)'s statutory-damages range renders the section unconstitutionally vague. The court reasoned that without statutory criteria, it is impossible for a judge to adequately charge a jury on where an award should fall within the $100 to $1,000 range. The court concluded that this problem renders the FCRA's statutory-damages provision unconstitutionally vague, in violation of due process.

13

Due process requires "that the law must be one that carries an understandable meaning with legal standards that courts must enforce." Giaccio v. State of Pa., 382 U.S. 399, 403 (1966). "The void-for-vagueness doctrine reflects the principle that 'a statute which either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.'" Roberts v. U.S. Jaycees, 468 U.S. 609, 629 (1984) (quoting Connally v. Gen. Constr. Co., 269 U.S. 385, 391 (1926)). The Supreme Court has warned against the mechanical application of vagueness doctrine, emphasizing that an "economic regulation is subject to a less strict vagueness test" and there should be "greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498-99 (1982); see Trans Union Corp. v. Fed. Trade Comm'n, 245 F.3d 809, 817 (D.C. Cir. 2001) ("[B]ecause the FCRA's regulation of consumer reporting agencies is economic, it is subject to 'a less strict vagueness test.'").

Vagueness within statutes is impermissible because such statutes fail to put potential violators on notice that certain conduct is prohibited, inform them of the potential penalties that accompany noncompliance, and provide explicit standards

14

for those who apply the law.  See Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972).  "It is established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." Giaccio, 382 U.S. at 402-03.

At the outset, we recognize that statutory-damages ranges are not unique to the FCRA.  The Copyright Act of 1976, 17 U.S.C. § 101, et seq., and the Communications Act of 1934, 47 U.S.C. § 151, et seq., both contain larger statutory-damages ranges than does the FCRA.  The Copyright Act provides a statutory-damages range of $750 to $30,000, and, where the violation is committed willfully, the award may be increased up to $150,000.  17 U.S.C. § 504(c).  The Communications Act permits plaintiffs to recover from $1,000 to $10,000 for each violation of the Act, and from $10,000 to $100,000 where the violation is willful and committed for commercial advantage or financial gain.  47 U.S.C. § 605(e)(3)(C).[7]  The FCRA's statutory-damages scheme contains a smaller range

----

[7] Although we are not aware of any cases addressing facial vagueness challenges to the Copyright or Communications Acts' use of statutory-damages ranges, we note that the Supreme Court has had cause to address the Copyright Act's statutory-damages provision and noted that statutory-damages ranges have been utilized throughout American history.  See Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 351 (1998) (noting that "three of the state [copyright] statutes [predating the Constitution] specifically authorized an award of damages from a statutory range, just as § 504(c) does today").

starting at $100 per violation, with liability for a single violation capped at $1,000.

The defendants in the instant case do not argue that statutory-damages ranges are categorically impermissible, but rather that the absence of criteria to aid juries in determining the appropriate amount of statutory damages within the $100 to $1,000 range renders the FCRA unconstitutionally vague because it: (1) deprives potential defendants of notice of the consequences of violating the FCRA; and (2) results in arbitrarily-assessed damages awards. We disagree.[8]

First, potential defendants have notice of the consequences of violating the FCRA because it clearly defines what conduct is prohibited and the potential range of fine that accompanies noncompliance. In United States v. Batchelder, 442 U.S. 114 (1979),[9] the Supreme Court held that although two statutes contained different

_____

[8] The defendants argue that the Copyright and Communications Acts would be vague but for the inclusion of the language "as the court considers just" in their statutory-damages sections. See 17 U.S.C. § 504(c)(1) ("a sum of not less than $750 or more than $30,000, as the court considers just") (emphasis added); 47 U.S.C. § 605(e)(3)(C)(i)(II) (a sum of not less than $1,000 or more than $10,000, as the court considers just") (emphasis added). The defendants reason that this language cures the statutes' vagueness by explicitly granting courts discretion to develop factors for juries to use in determining the appropriate amount of statutory damages, whereas this court lacks such authority when construing the FCRA. We need not discuss this argument because we conclude that § 616(a)(1)(A) is not vague.

[9] Batchelder was issued prior to the enactment of the Federal Sentencing Guidelines. Although Batchelder involved a criminal conviction, making its facts distinguishable from the present case, this court has recognized that greater due process protection is required in the criminal context than in the civil context. See Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1451 n.9 (11th Cir. 1985); see also Borden v. Sch. Dist. of Twp. of E. Brunswick, 523 F.3d 153, 167 (3d Cir. 2008) ("[I]t is important to note that, in the civil context, statutes need not be as precise as in the criminal context and are, therefore, less likely to be invalidated under a void-for-vagueness challenge."). The due process protection required in the instant case is, therefore, the same or less than what was required in Batchelder.

penalties for the same criminal conduct, the statutes were not unconstitutionally vague. The Court concluded that although violators could not know which statute they would be charged under, and thus what penalty would be imposed, "[s]o long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied." Id. at 115. In the present case, the defendants do not cite any vagueness in the definition of the prohibited conduct. The statute gives potential defendants notice that if they violate FACTA, they will be subject to penalties of $100 to $1,000 per violation. We therefore conclude that the statute satisfies due process by giving sufficient notice to potential violators.

Second, the statute does not provide so much discretion to juries as to render their verdicts "arbitrary." The Supreme Court, in interpreting a predecessor to the Copyright Act, upheld a statutory-damages range, concluding that a verdict is acceptable so long as it is "within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum." F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 232 (1952). In order to be unconstitutionally vague, a statute must go beyond simply granting some discretion to courts or juries to act within a range; it must "impermissibly delegate[] basic policy matters to policemen, judges, and juries for resolution on an ad hoc and

17

subjective basis, with the attendant dangers of arbitrary and discriminatory application." Grayned, 408 U.S. at 108-09. The statute at issue in the present case grants no such unfettered discretion, as it clearly limits juries' discretion by mandating that statutory damages must reside between $100 and $1,000. Juries are not impermissibly asked to perform a legislative function because their valuation of harm is limited to a narrow, statutorily-established range. The mere potential for disuniform verdicts is not enough to create a constitutional infirmity.

We therefore conclude that § 616(a)(1)(A) is not unconstitutionally vague on its face.

C. Facial Excessiveness

Finally, the district court found § 616(a)(1)(A) unconstitutionally excessive on its face because the statutory-damages provision is "expressly not compensatory in nature." The district court concluded that this renders the statute punitive in nature and it therefore applied the constitutional excessiveness review found in St. Louis Iron Mountain & S. R.R. Co. v. Williams, 251 U.S. 63 (1919). According to the district court, because only litigants that have not suffered any actual harm will avail themselves of statutory damages under § 616(a)(1)(A), these damages will always be unconstitutionally excessive when compared to the actual harm caused by the violator's actions.

We disagree with the district court that the FCRA's statutory-damages provision is punitive in nature. Prior to the 1996 amendment to FCRA, the statute permitted victims of willful violations to obtain actual and punitive damages. The current version of FCRA provides that plaintiffs may elect to receive actual damages or statutory damages, but not both, and in addition maintains the punitive damages provision. 15 U.S.C. § 1681n(a). Because the FCRA already contains a punitive damages provision and specifies that statutory damages may only be awarded in lieu of actual damages, the district court erred in concluding that the statutory damages provision is tantamount to a punitive damages provision.

Moreover, even if the statutory damages provision could be construed as punitive, the district court still erred in ruling that § 616(a)(1)(A) always yields unconstitutionally excessive verdicts. As discussed above, see supra § III.B, the FCRA does not forbid individuals who suffered actual harm from seeking statutory damages. Even if none of the plaintiffs in the instant case were actually harmed, it is conceivable that in the future a party with actual harm that is difficult to compute will bring a case seeking statutory damages. In such a case, the actual harm might be very close to the statutory damages. This mere possibility of a constitutional application is enough to defeat a facial challenge to the statute. See High Ol' Times, Inc. v. Busbee, 673 F.2d 1225, 1228 (11th Cir. 1982) (holding that to be

19

facially unconstitutional, the statute must be unconstitutional "in all of its applications . . . [T]he possibility of a valid application necessarily precludes facial invalidity.").

As such, the district court erred in engaging in constitutional excessiveness review and in finding § 616(a)(1)(A) unconstitutionally excessive on its face.

## IV. CONCLUSION

We conclude that the district court erred in considering the merits of the as-applied excessiveness challenge before it was ripe and also in holding that the statute is unconstitutionally vague and excessive on its face. We therefore vacate the district court's orders granting summary judgment in favor of the defendants and dismissing the actions with prejudice, and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.