[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13882
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:11-cr-00026-PCF-DAB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASERIAL JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 10, 2012)

Before DUBINA, Chief Judge, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Aserial Jones appeals his total sentence of 435 months in prison after pleading guilty without a written plea agreement to (1) aiding and abetting in a commercial robbery, in violation of 18 U.S.C. §§ 1951 and 2; (2) using and carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; (3) aiding and abetting a credit union robbery, in violation of 18 U.S.C. §§ 2113(a) and 2; and (4) using and carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(C) and 2.  The district court sentenced Jones to concurrent terms of 51 months' imprisonment as to Counts 1 and 3, a consecutive term of 7 years' imprisonment as to Count 2, and a consecutive term of 25 years' imprisonment as to Count 4.

Jones argues that the part of his sentence consisting of the statutory mandatory minimum consecutive sentence of 25 years' imprisonment for violations of 18 U.S.C. § 924(c)(1)(C) constitutes cruel and unusual punishment under the Eighth Amendment.  He further argues that, even if the statute is not facially unconstitutional, it was unconstitutional as applied to him because he received the 25-year consecutive sentence and his codefendant did not.  Finally, he argues for the first time on appeal that, under *Apprendi v. New Jersey*, 530 U.S.

466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the mandatory minimum sentence should only have been imposed by unanimous jury verdict.

We review *de novo* challenges to the constitutionality of a statute and to the constitutionality of a defendant's sentence. *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir.), *cert. denied*, 130 S. Ct. 3399 (2010). Arguments raised for the first time on appeal are reviewed for plain error only. *United States v. Olano*, 507 U.S. 725, 732-34, 113 S. Ct. 1770, 1777-78, 123 L. Ed. 2d 508 (1993).

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." *United States v. Lyons*, 403 F.3d 1248, 1256 (11th Cir. 2005) (internal quotation marks and italics omitted). The proportionality principle "forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Farley*, 607 F.3d 1294, 1343 (11th Cir.) (internal quotation marks omitted), *cert. denied*, 131 S. Ct. 369 (2010). This court recently observed that it has never found a term of imprisonment to violate the Eighth Amendment. *Id.* The Supreme Court has emphasized that substantial deference is owed to the legislative branch in reviewing criminal penalties and has insisted on judicial restraint in this area. *Harmelin v. Michigan*, 501 U.S. 957, 998-99, 111 S. Ct. 2680, 2703-04, 115 L. Ed. 2d 836 (1991). "In general, a sentence within the limits imposed by statute is

3

neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (internal quotation marks omitted).

In contrast to a facial constitutional challenge, which "asserts that a law always operates unconstitutionally," an as-applied challenge "addresses whether a statute is unconstitutional on the facts of a particular case or to a particular party." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009) (quoting Black's Law Dictionary).

Under 18 U.S.C. § 924(c), any person who brandishes a firearm in furtherance of a crime of violence is subject to a statutory mandatory minimum sentence of seven years' imprisonment, which must run consecutively to any other term of imprisonment imposed. 18 U.S.C. § 924(c)(1)(A)(ii) and (D)(ii). Further, an individual who sustains "a second or subsequent conviction under this subsection . . . shall be sentenced to a term of imprisonment of not less than 25 years," which also must run consecutively to any other term of imprisonment imposed. 18 U.S.C. § 924(c)(1)(C)(i) and (D)(ii).

After reviewing the record and reading the parties' briefs, we conclude that the 25-year mandatory minimum consecutive sentence for violating § 924(c)(1)(C) is not a grossly disproportionate punishment for a "second or subsequent

conviction" under § 924(c), and therefore is not unconstitutional on its face.  We also conclude that it was not unconstitutional as applied, because Jones's codefendant was not convicted of violating § 924(c)(1)(C), and was not similarly situated to him.  Finally, Jones's argument that the mandatory minimum sentence should only have been imposed by unanimous jury verdict is both contrary to binding precedent in this circuit and irreconcilable with his having entered a guilty plea.  *See United States v. Woodruff*, 296 F.3d 1041, 1050 (11th Cir. 2002) (holding *Apprendi* inapplicable to convictions under § 924(c)(1)(C)).

For the foregoing reasons, we affirm Jones's total sentence of 435 months.

**AFFIRMED.**