BARBARA MILANO KEENAN, Circuit Judge,
concurring:
Jane Doe had a sexual relationship with a minor child who was a student under her supervision. For this offense, Doe was convicted of the felony of having carnal knowledge of a minor child between thirteen and fifteen years of age. Va.Code § 18.2-63.
In 2008, a change in Virginia law resulted in Doe’s offense being classified as a “sexually violent offense.” Va.Code § 9.1-902(E). This change had significant adverse consequences for Doe that lie at the heart of this appeal. Notably, after 2008, individuals classified as sexually violent offenders in Virginia may enter onto school property during school hours or school-related activities .only after having obtained permission from a Virginia circuit court and the local school board or private school owner. Va.Code § 18.2-370.5.
Doe presently has three children. She alleges that she is unable to direct their educational upbringing as she sees fit because she is classified as a sexually violent offender and, therefore, is prohibited under Virginia law from entering onto school or daycare property. She also alleges that she will be forced to “home school” her children due to the logistical difficulties in transporting them to and from school as a result of this classification.
Admittedly, this classification may strike some as unfair. It might appear that Virginia has subjected Doe to additional punishment after she has “served her time.” Or, one might argue that Doe at least should have had the chance to prove that she never was “sexually violent,” considering the facts of her conviction and given that she has not been convicted of any other offenses.
But Doe was not entitled to any such hearing before her classification. As the majority opinion recognizes, Doe’s procedural due process argument is foreclosed by the Supreme Court’s holding in Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). Moreover, the dissent does not dispute this conclusion. Virginia classified Doe as a sexually violent offender based solely on the fact of her conviction, and she received sufficient process regarding her actions when she initially was convicted. Also, Doe has not asserted that her classification imposed additional *761 punishment after her conviction, in violation of the Ex Post Facto Clause.[1]
Instead, Doe’s allegation is limited to her contention that she cannot raise her children as she sees fit because, having been classified as a sexually violent offender, she is barred from entering onto school property. Despite this contention, Doe has not sought permission from a Virginia court or the local school board to obtain access to school property, as permitted by Virginia law. Ante at 751. Rather than avail herself of these options provided under the very law she challenges, Doe has filed this suit in federal district court asserting numerous violations of her substantive and procedural due process rights, associational rights, and right to exercise her religious beliefs, all flowing from the effects of her classification.
As the majority opinion explains, before we consider the merits of Doe’s constitutional claims, we first must be satisfied of our jurisdiction. The burden of proof lies squarely on Doe to show that she has standing to invoke federal jurisdiction, and that her claims are ripe. See David v. Alphin, 704 F.3d 327, 333 (4th Cir.2013); Miller v. Brown, 462 F.3d 312, 319 (4th Cir.2006). I fully agree with the majority opinion’s analysis that Doe has not met her burden in either respect.[2]
While the nature of the injury that Doe asserts is something of a moving target, the question whether she suffers from any injury at all depends on the manner in which Section 18.2-370.5 applies to the facts and circumstances of her case. The record in this regard is materially deficient.
Because Doe has not sought relief from a Virginia circuit court and the local school board, we have no way of knowing whether Doe ultimately will obtain unconditional access to her children’s school, whether Doe will be granted access subject to certain conditions, or whether she will be allowed any access at all. We cannot conclude that Doe suffers a “concrete and particularized” injury necessary to show standing when her asserted injury may never materialize. See Alphin, 704 F.3d at 333 (citation omitted).
Similarly, due to her failure to seek relief provided by Virginia law, the controversy lacks finality and remains “dependent on future uncertainties” and, therefore, is not ripe. See Miller, 462 F.3d at 319. Doe’s claims “rest[ ] upon contingent future events that may not occur as anticipated, or indeed may not occur at all,” namely, whether she will be denied access to school property. See Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (citation omitted). Accordingly, Doe has not met her burden of demonstrating standing and ripeness.[3]
Nor can we ignore the manner in which Doe has chosen to plead her ease and her decision to raise as-applied, rather than facial, challenges. See Harris v. Mexican *762 Specialty Foods, Inc., 564 F.3d 1301, 1308 (11th Cir.2009) (“Because the question of ripeness depends on the timing of the adjudication of a particular issue, it applies differently to facial and as-applied challenges.”) (citation omitted). An as-applied challenge attacks the constitutionality of a statute “based on a developed factual record and the application of a statute to a specific person.” Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 172 (4th Cir.2009) (en banc). By contrast, a litigant asserting a facial challenge contends that a statute always operates in an unconstitutional manner. Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008).
Although Doe has asserted as-applied constitutional challenges, we can do little more than guess at this time how the Virginia statutes and the school board policy would be applied to her circumstances. Indeed, the factual record required for us to render a decision on Doe’s as-applied challenges cannot be developed without action on her part seeking relief under Virginia law.[4] See Harris, 564 F.3d at 1308 (as-applied challenge “necessarily requires the development of a factual record” on how statute applies “in particular circumstances”).
The dissent argues, nevertheless, that Virginia law interferes with Doe’s right to raise her children and thus renders her claims justiciable. In support of this position, the dissent cites Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), an inapposite decision on which Doe has not relied.
The decision in Patsy stands for the principle that plaintiffs invoking 42 U.S.C. § 1983 generally “need not exhaust state administrative remedies before filing suit.” 457 U.S. at 516, 102 S.Ct. 2557. This principle is undisputed but, tellingly, is immaterial to the resolution of this appeal.
There is a clear distinction between the requirement that administrative remedies be exhausted and the requirement that a challenged action be final before it is judicially reviewable. Williamson Cnty. Reg’l Planning Comm’n v. Hamilton Bank of Johnson City, 473 U.S. 172, 192, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). As the Supreme Court explained in Williamson County,
the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.
473 U.S. at 193, 105 S.Ct. 3108. The holding in Patsy addressed the principle of exhaustion of administrative remedies, not the requirement before us that a litigant must be aggrieved from a final, reviewable decision. See Williamson Cnty., 473 U.S. at 193, 105 S.Ct. 3108.
Doe is not required to seek a determination in a Virginia forum that her rights were violated before filing a § 1983 action in federal court. See id. For example, Doe was not required to file suit in a *763 Virginia court seeking a declaratory judgment that her classification as a sexually violent offender was unlawful, or that the Virginia sex offender statutes at issue here are unconstitutional. Cf. id. (litigant not required to seek a declaratory judgment in state court to contest zoning action taken by county authorities). Nor was Doe required to appeal a rejection from the school board to a Virginia circuit court. Cf. id. (litigant not required to appeal from planning commission to the board of zoning appeals).
Doe is required, however, to petition a Virginia circuit court and the local school board, in their capacities as “initial deci-sionmaker[s],” to determine whether and under what conditions she will be granted access to school property. Cf. id. at 193-94, 105 S.Ct. 3108 (litigant required to pursue procedure to obtain variance, which “would result in a conclusive determination by the Commission whether it would allow” construction of a development). Unless Doe resorts to the process afforded her, those entities will not “arrive at a definitive position on the issue that inflicts an actual, concrete injury.” See id. at 193, 105 S.Ct. 3108.
The Virginia legislature expressly has designated the Virginia circuit courts and the local school boards as the initial deci-sionmakers in cases of this nature. The reason underlying this legislative choice is plain. In considering such issues, the Virginia circuit courts and the local school boards are uniquely situated to consider questions of child safety and school administration. Manifestly, federal courts do not possess such expertise, and should not serve as vehicles for parties to circumvent state law by considering premature constitutional challenges.
Far from “stonewall[ing]” Doe’s access to the courthouse, post at 27, the majority merely requires that Doe meet her burden of showing that her injury is concrete, and that her claim is final, before filing suit in federal court. To date, Doe has not made this required showing, but need take only limited additional steps before her claims will be justiciable in federal court. Ante at 759 n. 11. For these reasons, I fully concur in the majority opinion.

. We observe that the Supreme Court has rejected an ex post facto challenge to Alaska’s sex offender registration statute. Smith v. Doe, 538 U.S. 84, 105-06, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003).

. Doe has shown standing and ripeness with respect to her procedural due process claim. Ante at 758. Her remaining constitutional claims, however, encounter these justiciability hurdles.

. Doe's challenge to the school board's lack of a procedure to permit anonymous applications suffers from the same standing and ripeness infirmities, because it is not clear at present that Doe will be unable to petition the school board anonymously simply based on the absence of a written policy.

. A remand for further discovery, which the dissent argues is appropriate in this case, will not remedy the deficiency in Doe's failure to show standing and ripeness. Post at 761, 768. Further discovery would not enlighten the parties or this Court on the issue whether and to what extent Doe's ability to enter onto school property would be restricted by a Virginia court and her local school board. Rather, this record can be developed only upon Doe's application to those entities.