[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14108

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DERRICK DWONE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:19-cr-00399-LSC-SGC-1

_____

Before LUCK, LAGOA and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Derrick Jackson appeals his sentence of 60 months' imprisonment following his conviction for one count of being a felon in possession of a firearm. First, he argues that his 60-month custodial sentence was substantively unreasonable because the district court did not weigh each 18 U.S.C. § 3553(a) factor and ambiguously chose his sentence. Next, he argues that the district court plainly erred when it imposed domestic violence treatment as a special condition to his supervised release. In support of his second argument, he contends that neither his instant offense conduct, nor his history, involved domestic violence and that the special condition was vague, overbroad, and delegated too much discretion to the probation officer. After reading the parties' briefs and reviewing the record, we affirm Jackson's 60 months' sentence.

## I.

We review the substantive reasonableness of a sentence, including a sentence above the advisory guideline range, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party who challenges the sentence bears the burden to show that the sentence is unreasonable considering the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A criminal defendant preserves the issue of the substantive reasonableness of his sentence for review by advocating for a less severe sentence.

*Holguin-Hernandez v. United States*, ___ U.S. ___, ___140 S. Ct. 762, 766–67 (2020).

We examine whether a sentence is substantively reasonable considering the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The weight given to any § 3553(a) factor is a matter committed to the discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

The district court is not required to discuss each of the § 3553(a) factors, and an acknowledgement that it has considered the § 3553(a) factors will suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). However, a district court abuses its discretion when it: (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

When a district court varies from the advisory guideline range, it must present a justification compelling enough to support the degree of the variance. *Id.* at 1186. However, we do not presume that a sentence outside the guideline range is unreasonable

and give due deference to the district court's decision that the § 3553(a) factors overall justify any variance. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Indeed, we will only reverse a district court's imposition of a sentencing variance if we have a "definite and firm conviction" the district court committed a clear error of judgment in weighing the § 3553(a) factors and selecting its chosen sentence. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). We do not presume that a sentence outside the guideline range is unreasonable, and "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Irey*, 612 F.3d at 1187 (quotation omitted). Moreover, a sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

In this case, the record demonstrates that the district court considered the totality of the circumstances—including Jackson's extensive criminal history and propensity for violence—and found that the need for deterrence, protecting the public, and promoting respect for the law weighed heavily in favor of, and substantiated the need for, an above guideline sentence. It was within the district court's discretion to give greater weight to these factors. Moreover, Jackson's sentence was well below the statutory maximum, which is an indication of reasonableness. We therefore conclude that his 60-month custodial sentence was substantively reasonable.

## II.

We normally review for abuse of discretion the district court's imposition of special conditions of supervised release. *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). Where, as here, there was no objection to the conditions of supervised release in the district court, however, we review for plain error. *Id.* Plain error requires (1) an "error," (2) that is "plain," (3) that "affect[s] substantial rights." *United States v. Olano*, 507 U.S. 725, 732-34, 113 S. Ct. 1770, 1776-78 (1993). If all three conditions are met, we may correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. McKinley*, 732 F.3d 1291, 1296 (11th Cir. 2013) (quotation omitted). "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or [our Court] directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Importantly, the Article III case-or-controversy requirement includes a ripeness requirement that protects courts from entangling themselves in abstract disagreements by avoiding premature adjudication. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quotation omitted). However, we have held that an imprisoned appellant's challenge to a condition of supervised release, was "neither premature nor

speculative" because the appellant would be subject to the challenged condition upon his release from prison. *United States v. Zinn*, 321 F.3d 1084, 1088-89 (11th Cir. 2003).

A district court may order special conditions of supervised release so long as each condition: (1) is reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(1)-(3); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D). Because the special conditions depend on the case and its circumstances, s*ee United States v. Ridgeway*, 319 F.3d 1313, 1316 (11th Cir. 2003), the "special condition imposed need not be related to each factor listed in section 5D1.3(b)[.]" *United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000).

Here, Jackson's challenge to the domestic violence treatment special condition is ripe for review because he will be subject to it when he is released from prison and he is not challenging the implementation of the special condition. The record demonstrates that the district court did not plainly err in requiring Jackson to participate in domestic violence treatment when on supervised release because trial testimony suggested that his underlying offense

20-14108                Opinion of the Court                7

conduct included violence, and undisputed portions of the PSI revealed an apparent history of involvement with domestic violence. Further, Jackson has not cited binding authority by the Supreme Court or by us prohibiting domestic violence treatment as a condition to supervised release in these circumstances. *See Lejarde-Rada*, 319 F.3d at 1291. Thus, Jackson cannot show that the district court plainly erred in imposing domestic violence treatment as part of the conditions of his supervised release.

For the aforementioned reasons, we affirm Jackson's 60 months' sentence.

**AFFIRMED.**