[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11111
_____

D.C. Docket No. 2:11-cv-00938-AKK

CURTIS J. COLLINS,

Plaintiff-Appellant,

versus

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 5, 2015)

Before MARTIN, JULIE CARNES and BLACK, Circuit Judges.

BLACK, Circuit Judge:

Curtis J. Collins appeals the district court's grant of summary judgment in favor of Experian Information Solutions, Inc. (Experian), in his lawsuit alleging Experian negligently and willfully violated its duty under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681i(a), to conduct a reasonable reinvestigation of disputed information contained in his credit file.[1]  This appeal presents us with a question of first impression—whether an allegation of a violation of § 1681i(a), requiring a consumer reporting agency to conduct a "reasonable reinvestigation" of disputed information contained in a consumer's credit file, requires the consumer reporting agency to have disclosed the consumer's credit report to a third party in order for a consumer to recover actual damages.  Looking to the plain language of the FCRA, we are convinced that a consumer's credit report need not be published to a third party in order to entitle the consumer to actual damages under § 1681i(a), and we reverse the district court's finding to the contrary.

## I.  BACKGROUND

In April 2010, Equable Ascent Financial, LLC (Equable) sued Collins in the Small Claims Court of Jefferson County, Alabama.  In its complaint, Equable alleged it had been assigned an account from GE Capital Corp., and that Equable had the right to bring an action for payment on that account.  Collins answered,

---

[1] The district court also granted summary judgment to Experian on Collins' negligent and willful consumer disclosure violation claims and state law tort claims.  Collins does not appeal the district court's grant of summary judgment on these claims, instead limiting his appeal to the district court's grant of summary judgment on his § 1681i(a) claims.

denying he owed Equable any money.  After a trial where both parties appeared with counsel, the court entered judgment in favor of Collins on July 26, 2010.

The purported debt to Equable was listed on an Experian credit report pulled in June 2010.  In order to remove the Equable debt from his credit file, Collins wrote to Experian on July 30, 2010, explaining:

> I don't owe any money to Equable Ascent Financial for account []
> #XXX1237.  This account is wrong.  Delete it immediately.  Equable
> Ascent sued me for this debt in the small claims court of Jefferson
> County, Alabama, case # SM-10-2973, in my answer to the lawsuit I
> denied I owed any money on the account, judgment was entered for
> defendant, you can call the court for more information at 205-325-
> XXXX or the attorneys for Equable Ascent at 205-250-XXXX.

Experian's corporate representative testified that due in part to a zip code discrepancy on the envelope, Experian believed the letter may not have been sent by Collins.  Experian sent Collins a letter at his home address on August 9, 2010, stating it had received a suspicious request regarding his personal credit information that it had determined was not sent by Collins.  The letter advised Collins:

> If you believe that information in your personal credit report is
> inaccurate or incomplete, please [call, visit our website, or write].  Be
> sure to include all of the following:  your full name including middle
> initial . . .; Social Security number; current mailing address; date of
> birth; and previous addresses for the past two years.

> Include the account name and number for any item on your credit
> report that you wish to dispute, and state the specific reason why you
> feel the information is inaccurate.  We will ask the data furnisher to
> review their records to verify the information.  An investigation may

3

> take up to 30 days . . . . Once we receive the results of the investigation, we will promptly notify you of the outcome.

Collins responded in a letter dated August 19, 2010. This letter stated:

> I don't owe any money to Equable Ascent Financial for account #XXX1237. This account is wrong. Delete it immediately. Equable Ascent sued me for this debt in Jefferson [C]ounty Alabama and I won. My case number is SM-10-2973. Please delete and send me updated credit report.

The letter also included a copy of Collins' driver's license and social security card, and listed his birth date.

In response to this second letter, Experian sent an Automated Consumer Dispute Verification form (ACDV) to Equable. The ACDV listed the dispute reason as "EQUABLE ASCENT SUED ME FOR THIS DEBT IN JEFFERSON COUNTY ALABAMA AND I WON." In response to the ACDV, Equable wrongly responded that the debt was still valid. Experian did nothing else to investigate Collins' claim.

Experian's system generated an investigation results summary that was sent to Collins on September 9, 2010. The summary stated the claim had been "reviewed" and that Collins could visit Experian's website to "check the status of [his] pending disputes at any time." The letter stated "reviewed" meant "[t]his item was either updated or deleted; review this report to learn its outcome." The summary also provided a mailing address for Collins to request a hard copy of his corrected credit report by mail.

4

When Collins visited the Experian website on November 23, 2010, he learned his Equable account was still being reported.  Collins subsequently filed a lawsuit against Experian in state court on February 5, 2011.  A credit report dated February 28, 2011, continued to include the disputed debt.  Experian removed the Equable account from Collins' credit report on March 10, 2011, and removed the case to federal court on March 11, 2011.  After the district court granted summary judgment to Experian, Collins filed a timely notice of appeal.

## II.  DISCUSSION

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205 (2007).  The FCRA creates a private right of action against consumer reporting agencies for the negligent, *see* 15 U.S.C. § 1681o, or willful, *see* 15 U.S.C. § 1681n, violation of any duty imposed under the statute.  *See Safeco*, 551 U.S. at 53, 127 S. Ct. at 2206.  Collins asserts Experian's reinvestigation of his disputed debt with Equable was unreasonable, and that Experian was liable for both negligent and willful violations of the FCRA in its handling of the reinvestigation.  We review the district court's grant of summary judgment on these issues *de novo*.  *Wollschlaeger v. Governor of Fla.*, 760 F.3d 1195, 1208 (11th Cir. 2014).

5

A.  *Collins' Negligent Violation Claim*

Section 1681o of the FCRA governs civil liability for negligent noncompliance with the statute.  That section provides, in relevant part, that "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure."  15 U.S.C. § 1681o(a)(1).

The district court concluded there were sufficient facts for a jury to find that Experian was negligent in failing to conduct a reasonable reinvestigation, as required by 15 U.S.C. § 1681i(a)(1), to determine whether the Equable debt was accurate.  According to the district court, an issue of material fact remained as to whether Experian's investigation was reasonable when it disregarded the small claims court information Collins provided and instead relied solely on Equable to verify the debt.  *See Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986) (concluding it was unreasonable for a credit reporting agency to contact only the creditor in its reinvestigation of a disputed debt); *see also Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) (making two telephone calls to the creditor was insufficient to re-verify disputed information).  Because there was a genuine issue of material fact regarding whether Experian was negligent in failing to comply with the reasonable reinvestigation requirement, the district court then had to

6

decide whether there was a genuine issue of material fact regarding whether Collins could show "actual damages sustained by the consumer as a result of the failure."  15 U.S.C. § 1681o(a)(1).

The district court granted summary judgment to Experian on Collins' negligence claim because it determined Collins could not show actual damages since he failed to present evidence that the erroneous information regarding his Equable account was ever published to a third party.  The district court collected persuasive authority and determined "the majority of courts have consistently required a plaintiff to prove actual harm resulting from the [consumer reporting agency's] disclosure of the erroneous report to a third party in order to recover damages for emotional distress."

Collins asserts the cases cited by the district court requiring publication to third parties in order to recover emotional distress damages in an FCRA action are distinguishable from this case.  We agree.  The cases contain language that, taken out of context, seems to apply.  None of the cases, however, conducted a statutory analysis, and many also involved different subsections of the FCRA.[2]  None answered the question presented here—whether a plaintiff seeking damages for a

---

[2] *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004), *abrogated on other grounds by Safeco*, 551 U.S. at 56 & n.8, 127 S. Ct. at 2208 & n.8; *Cousin v. Trans Union Corp.*, 246 F.3d 359, 370 (5th Cir. 2001); *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474-75 (2d Cir. 1995).  *But see Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

negligent violation of this specific subsection, § 1681i(a), must show the inaccurate information was published to a third party.[3] We are the first Circuit to address the issue as presented.

We have "long recognized that our authority to interpret statutory language is constrained by the plain meaning of the statutory language in the context of the entire statute, as assisted by the canons of statutory construction." *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010). Our first step in interpreting a statute is to determine whether the statutory language has a plain and unambiguous meaning. *Shotz v. City of Plantation*, 344 F.3d 1161, 1167 (11th Cir. 2003). If the meaning of the words Congress used is clear, we need not resort to legislative history. *Id.*; *see also Silva-Hernandez v. U.S. Bureau of Citizenship & Immigration Servs.*, 701 F.3d 356, 363 (11th Cir. 2012) ("Where the language of a statute is unambiguous . . . we need not, and ought not, consider legislative history." (quotation omitted)).

The important distinction in this case is the difference in the FCRA's definitions of the terms "consumer report" and "file." Congress provided

---

[3] Experian argues our statement in *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991), that "[w]e need not reach the substance of [the plaintiff's] FCRA claims . . . because we find that he has utterly failed to produce any evidence tending to show that he was damaged as a result of an allegedly inaccurate . . . credit report," decides this issue. Experian, however, reads that sentence far too broadly. Whether a plaintiff must show a consumer reporting agency published his credit report to third parties in order to be entitled to actual emotional distress damages was not at issue in *Cahlin* because there was at least circumstantial evidence a credit report was published, and we had no opportunity to and did not discuss emotional distress damages in that case. *Id.* at 1161.

definitions in the FCRA for both of these terms and gave them different meanings.

A "consumer report" is defined as:

> any written, oral, or other *communication* of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . credit or insurance . . .; employment purposes; or any other purpose . . . .

15 U.S.C. § 1681a(d)(1) (emphasis added).  In contrast, "[t]he term 'file', when used in connection with information on any consumer, means all of the information on that consumer *recorded and retained by a consumer reporting agency regardless of how the information is stored.*"  15 U.S.C. § 1681a(g) (emphasis added).  According to the FCRA's definitions, a "consumer report" is communicated by the consumer reporting agency, while a "file" is retained by the consumer reporting agency.

Collins claims Experian violated 15 U.S.C. § 1681i(a), which imposes on a consumer reporting agency the duty of conducting a reasonable reinvestigation of disputed information in a consumer's credit file.  That provision states:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . .

9

15 U.S.C. § 1681i(a)(1)(A).  The reinvestigation provision addresses the "completeness or accuracy of any item of information contained in a consumer's *file*." *Id.* (emphasis added).  This stands in stark contrast to the language of 15 U.S.C. § 1681e(b),[4] which requires a consumer reporting agency to follow reasonable procedures to assure maximum possible accuracy of a consumer report, specifically providing that "[w]henever a consumer reporting agency prepares a *consumer report* it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b) (emphasis added).

Looking at the entire statute, Congress chose to give different statutory definitions to the terms "consumer report" and "file," and used the different terms in different subsections.  *See United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) ("[W]e must presume that Congress said what it meant and meant what it said."); *Iraola & CIA, SA v. Kimberly-Clark Corp.*, 232 F.3d 854, 859 (11th Cir. 2000) ("[W]hen Congress uses different language in similar sections, it intends different meanings.").  A "consumer report" requires communication to a third party, while a "file" does not.  *See Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 300 (1983) ("Where Congress includes

---

[4] Collins originally claimed Experian also violated 15 U.S.C. § 1681e(b).  Collins dropped his claim under § 1681e(b) prior to summary judgment, when discovery provided no evidence that Experian had ever furnished Collins' credit report containing the disputed debt to a third party.

particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally or purposely in the disparate inclusion or exclusion." (brackets and quotations omitted)).  Thus, by its plain terms, § 1681i(a) does not require communication to a third party; it provides a consumer reporting agency violates that provision if a consumer notifies the agency there is inaccurate information contained in his *file* and the agency does not conduct a reasonable reinvestigation into the matter.  A file is simply the information retained by a consumer reporting agency.  Thus, we hold that the plain language of the FCRA contains no requirement that the disputed information be published to a third party in order for a consumer to recover actual damages under § 1681i(a).

The district court viewed Collins' actual damages evidence under the belief that Collins' credit report had to have been published to a third party, so it did not have an opportunity to analyze whether Collins' evidence of emotional distress was sufficient to present a jury question on actual damages.  *See Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1124 (11th Cir. 2006) (stating "the existence of compensable emotional distress is relevant to the amount of damages a plaintiff will ultimately recover" in an FCRA case).  We therefore remand to the district court to conduct this inquiry in the first instance.

*B.  Collins' Willful Violation Claim*

Under 15 U.S.C. § 1681n(a), "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for actual, statutory, or punitive damages.  *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009).  The Supreme Court has held that "reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a)."  *Safeco*, 551 U.S. at 71, 127 S. Ct. at 2216; *see also Harris*, 564 F.3d at 1310 ("A violation is 'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law.").  "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."  *Safeco*, 551 U.S. at 69, 127 S. Ct. at 2215.

The district court did not err in finding that while a jury could find Experian's reinvestigation conduct negligent, Experian's conduct did not rise to the level of running "a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."  *See id.*  Taking no steps other than contacting only Equable with an ACDV form regarding the disputed entry

12

might have been negligent, but willfulness or recklessness is a higher standard that has not been met in this case.  Therefore, we affirm the district court's grant of summary judgment on Collins' claim that Experian willfully violated § 1681i(a) when reinvestigating his disputed debt.

### III.  CONCLUSION

We reverse the district court's determination that third-party publication is necessary in order for a consumer to be entitled to actual damages under 15 U.S.C. § 1681i(a), and remand to the district court to determine in the first instance whether Collins has presented sufficient evidence of actual damages to create a jury question.  We affirm the district court's grant of summary judgment on Collins' claim Experian willfully violated its duty of conducting a reasonable reinvestigation.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**