[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13427

Non-Argument Calendar

_____

ENNIS UNITA MCWHORTER,

Plaintiff-Appellant

*versus*

TRANS UNION LLC,
Credit Reporting Agency,
NELNET SERVICING, LLC,
Financial Services Company,
EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01753-SDG

_____

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Ennis McWhorter, representing herself, appeals the district court's dismissal of her amended complaint. The appellees have responded by jointly filing a motion for summary affirmance. After careful consideration, we grant the amended motion for summary affirmance as to appellees Trans Union LLC and Nelnet Servicing, LLC, but we deny the motion as to Experian Information Solutions, Inc.

**I.**

The operative amended complaint was McWhorter's fifth attempt to state claims for fraud and violations of the Fair Credit Reporting Act against defendants Experian Information Solutions, Inc., Trans Union LLC, and Nelnet Servicing, LLC. As relevant to this appeal, McWhorter alleged that Experian and Trans Union violated the FCRA by including inaccurate information about her student loans and other debts in her credit reports and failing to modify or delete the information after she disputed it. *See* 15 U.S.C. § 1681i(a). She also asserted that the two consumer reporting agencies were liable for actual and punitive damages because they

willfully violated the FCRA. *See* 15 U.S.C. § 1681n. And she alleged that Nelnet, a student loan servicer, violated the FCRA by furnishing inaccurate information about her student loans to credit reporting agencies. *See* 15 U.S.C. § 1681s-(2)(b).[1]

On motion of the defendants, the district court dismissed McWhorter's amended complaint with prejudice for failure to state a claim. McWhorter now appeals, arguing that the district court erred by granting the defendants' motion to dismiss and abused its discretion by denying her motions for default judgment and her motion for relief from the district court's judgment of dismissal. The appellees seek summary affirmance of the district court's judgment.

**II.**

We review the denial of a motion for default judgment for abuse of discretion. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). We review a district court's order granting a motion to dismiss for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *MacPhee v.*

---

[1] McWhorter also claimed that all three defendants committed fraud, that Experian and Trans Union violated 15 U.S.C. § 1681g by failing to provide her full file upon request, and that Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of its report. But she abandoned those claims on appeal by making only passing references to them, without providing supporting arguments or citations to authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

*MiMedx Grp., Inc.*, 73 F.4th 1220, 1238 (11th Cir. 2023).  We review both the denial of a motion for relief from judgment under Rule 60(b) and the denial a motion for leave to amend a complaint for abuse of discretion, but we review de novo a district court's determination that amendment would be futile.  *Id.*; *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).

### III.

Summary disposition of an appeal is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case" or when the appeal is frivolous.  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]  Summary affirmance of the district court's judgment in favor of Trans Union and Nelnet is appropriate here because McWhorter's argument regarding the denial of her motions for default judgment is frivolous and the position of these two appellees is otherwise clearly right as a matter of law.

But summary affirmance of the judgment in favor of Experian is not appropriate.  At a minimum, McWhorter has raised a non-frivolous argument that her amended complaint—read liberally as a pro se pleading and assuming the facts alleged in her

---

[2] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

complaint are true—stated a claim against Experian for a violation of 15 U.S.C. § 1681i.

We address each of the arguments McWhorter raises on appeal in turn.

### A.

Rule 55(a) of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a party when that party "has failed to plead or otherwise defend" the claims against it. Fed. R. Civ. P. 55(a). Ordinarily, a defendant must serve an answer to a complaint within the time provided under Rule 12(a)(1). But if a defendant moves to dismiss the complaint for failure to state a claim, the defendant is not required to serve an answer to the complaint until after the court denies the motion or postpones its disposition until trial. Fed. R. Civ. P. 12(a)(4)(A); *see* Fed. R. Civ. P. 12(b)(6). Because the defendants here filed motions to dismiss for failure to state a claim in response to each of McWhorter's complaints, they did not fail to "plead or otherwise defend" against her claims, and the district court did not abuse its discretion in denying her motions for default judgment.

### B.

To state a claim for relief, a federal civil complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires a plaintiff to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A complaint drafted by a pro se plaintiff must be liberally construed. *Jones v. Florida Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). "Even so, a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Id.*  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quotation omitted).  The "pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quotation omitted).

### 1.

We turn first to McWhorter's claims against Experian and Trans Union.  Reading the amended complaint liberally, McWhorter alleged that the consumer reporting agencies violated the FCRA when they failed to correct inaccurate information on her credit reports related to her student loans and two consumer financial accounts.  She also claimed that she was entitled to punitive damages because the violations were willful.

Section 1681i of Title 15 establishes procedures for a consumer reporting agency to follow when a consumer disputes the accuracy or completeness of information in the consumer's file at

the agency. *See* 15 U.S.C. § 1681i(a). Among other things, § 1681i requires consumer reporting agencies to "conduct a reasonable re-investigation" when a consumer disputes an item in her file, and if the agency finds that the information is inaccurate, incomplete, or cannot be verified, it must "promptly delete" or modify the item and notify the furnisher of the information. *Id.* To state a claim under this section, the plaintiff must allege facts showing, at a minimum, that the agency's file contained factually inaccurate information and that the agency's investigation upon dispute was not reasonable. *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021); *see Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015). When evaluating whether information in a credit report is accurate, "we look to the objectively reasonable interpretations of the report." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024) (quotation omitted). A report must be either factually incorrect or "objectively likely to mislead its intended user, or both" to violate the FCRA's standard for accuracy. *Id.* at 1367–68.

Under 15 U.S.C. § 1681n(a), a person who "willfully fails to comply" with the FCRA is liable to the affected consumer for actual, statutory, or punitive damages. A violation is willful if it is committed "with knowledge or reckless disregard for the law." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009). A consumer reporting agency acts in reckless violation of the FCRA if "the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk

associated with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

McWhorter failed to state a claim under § 1681i or § 1681n against Trans Union. To begin, she did not plausibly allege that Trans Union reported inaccurate information about her student loans. She alleged that she did "not know what [wa]s accurate about" Trans Union's reporting of her loans. She seemed to believe that Trans Union had falsely reported that her student loans were in collection instead of in forbearance, but the credit report excerpts she incorporated into her complaint did not support that interpretation. The excerpts showed a "scheduled payment" amount on a few dates in her student loan history, but they did not indicate that the loans were past due or in collections. To the contrary, for each date showing a scheduled payment, Trans Union rated the loans as "OK" and indicated "$0" past due. In context, the reported existence of a partial payment schedule was not necessarily factually inaccurate or objectively likely to mislead the intended recipient into believing that the loans were in collections rather than in forbearance.

McWhorter also failed to allege facts showing that Trans Union did not conduct a reasonable reinvestigation into the disputed student loan accounts. She alleged that the agency contacted the furnisher of information (identified as Nelnet, the loan servicer), which informed Trans Union that the loans were in forbearance. Accepting other allegations in the amended complaint as true, it appears that this information was accurate—and as we have

explained, it was also consistent with Trans Union's reporting of the loans. McWhorter does not allege that Trans Union should have investigated further, or that it would have discovered any other significant information with additional reasonable investigation.

As to the Westlake Financial and Noble Finance loan accounts, McWhorter did not allege any facts supporting an inference that Trans Union failed to conduct a reasonable investigation after receiving notice of a dispute. She alleged that Trans Union reported false payment information about the Westlake Financial account, but she did not allege that she notified Trans Union of her dispute or that she provided any information to Trans Union to show that its report was inaccurate. And although she alleged that Trans Union was "still reporting a Noble Finance account after being disputed by the plaintiff," she did not allege what inaccurate information Trans Union reported, if any, about the account or what steps the agency could have taken to reasonably investigate the dispute.

To establish that a consumer reporting agency is liable for punitive damages under § 1681n, a plaintiff must show more than mere noncompliance with the FCRA. *See* 15 U.S.C. § 1681n(a); *Collins*, 775 F.3d at 1336. Because McWhorter failed to plausibly allege that Trans Union violated the FCRA, she also failed to plausibly allege that it did so willfully.

But McWhorter's allegations against Experian were different. Read liberally, her amended complaint alleged that Experian

reported inaccurate information about payments she made on her loan with Westlake Financial. She alleged that she made a final payment of $10,541.43 in March 2017, which Experian never reported. Instead, Experian reported that the Westlake Financial account was "charged off" in March 2017, and that the amount written off exceeded the original $12,108 loan amount. She also alleged—against Experian only—that she disputed Experian's information about the Westlake Financial account "several times with receipt," but Experian continued to report the inaccurate information, which negatively affected her credit rating.

We have previously held that evidence that a consumer reporting agency disregarded information provided by the consumer and relied solely on the creditor was sufficient to create a jury question whether the agency's reinvestigation was reasonable. *See Collins*, 775 F.3d at 1333. At the pleading stage, McWhorter's allegation that she informed Experian multiple times that its information was inaccurate, repeatedly provided proof of the inaccuracy, and was harmed by Experian's failure to correct the information in her file may be sufficient to state a claim for a violation of § 1681i. At the very least, her argument on appeal is not frivolous or clearly wrong as a matter of law. We therefore deny Experian's motion for summary affirmance.[3]

---

[3] Because we decline to summarily affirm the dismissal of McWhorter's complaint against Experian, we do not decide whether she stated a claim against Experian under § 1681n. We will consider all McWhorter's arguments related to her claims against Experian after briefing is complete.

**2.**

Last, we turn to McWhorter's claim against Nelnet Servicing, LLC, which she alleged was a "furnisher of information" about her student loans.  When a consumer reporting agency notifies a furnisher of information about a consumer dispute, the furnisher must investigate the dispute, review relevant information provided by the consumer, and report the results of its investigation to the reporting agency.  15 U.S.C. § 1681s-2(b)(1)(A)–(C).  If the furnisher determines that the disputed information is inaccurate, incomplete, or unverifiable, it must modify, delete, or "permanently block the reporting" of that information.  *Id.* § 1681s-2(b)(1)(E).  To state a claim against a furnisher of information for a violation of § 1681s-2, a consumer must first identify inaccurate or incomplete information provided by the furnisher to a consumer reporting agency.  *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023).  The consumer must also allege facts showing that the furnisher's investigation of the disputed information was unreasonable.  *Id.*  And "to prove an investigation was unreasonable, a plaintiff must point out some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete."  *Id.* (quotation omitted).

Here, McWhorter alleged that Nelnet furnished information to consumer reporting agencies showing that a payment schedule had been established for some of her student loans, which she believed indicated that the loans were in collections rather than in forbearance.  But she also alleged that in response to notice of her dispute, Nelnet informed the agencies that her student loans were

in forbearance.  As we have explained, the information reported about McWhorter's student loans was not inconsistent with the forbearance status she claimed.  And McWhorter's own allegation that Nelnet responded to the dispute by providing accurate information undermines any implication that Nelnet failed to conduct a reasonable investigation of the dispute.  In short, the facts alleged in the amended complaint clearly did not state a plausible claim for relief under § 1681s-2 against Nelnet.

## C.

Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds for relief from a final judgment, including, as relevant here, "mistake, inadvertence, surprise, or excusable neglect"; newly discovered evidence; and fraud, misrepresentation, or misconduct by an opposing party.  Fed. R. Civ. P. 60(b)(1)–(3).  A plaintiff who is granted relief from a judgment under Rule 60(b) may then seek leave to amend her complaint.  *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006).  A "district court may deny a motion for leave to amend as futile when the complaint as amended would still be properly dismissed." *EEOC v. STME, LLC*, 938 F.3d 1305, 1320 (11th Cir. 2019) (quotation omitted).

After the district court dismissed her amended complaint with prejudice, McWhorter moved to set aside the judgment based on assertions of misconduct by the defendants, newly discovered evidence, error in the district court's opinion, excusable neglect, and fraud.  She stated that she had been suffering from low iron

when she submitted one or more of the five iterations of her complaint. Although much of the motion is difficult to decipher, it appears that she sought leave to file another amended complaint. She reiterated some of the allegations in her fourth amended complaint and other filings, made new but incoherent allegations about an unrelated "Plaintiffs Risk Decisioning Report from LexisNexis" and "suspicious correspondences" from Nelnet, and argued that her allegations showed that the defendants had committed misconduct, including fraud. As "newly discovered evidence," she attached portions of a more recent credit report containing entries that she did not understand and that she described as "willful(ness), reckless and intentional" misconduct by Experian.

The district court did not abuse its discretion in denying the motion to set aside the judgment as to Trans Union and Nelnet.[4] Even if McWhorter's low iron and inability to articulate her claims could satisfy one of the grounds for relief in Rule 60(b), setting aside the judgment so that McWhorter could file yet another amended complaint would have served no purpose. The reiterated allegations contained in her motion failed to state a claim for relief against Trans Union and Nelnet for the same reasons as before, and she did not make any discernable attempt to state new claims against them. Because a fifth amended complaint incorporating the allegations in McWhorter's motion would still be subject to dismissal for failure to state a claim against those defendants, the

---

[4] We reserve decision on this issue as to Experian.

district court correctly concluded that granting leave to amend would have been futile.

## IV.

We GRANT the amended motion for summary affirmance in part and AFFIRM the district court's judgment as to Trans Union LLC and Nelnet Servicing, LLC. We DENY Experian Information Solutions, Inc.'s amended motion for summary affirmance. Experian's response brief is due within 30 days after the issuance of this opinion. McWhorter may serve and file a reply brief within 21 days after service of Experian's response brief.

We GRANT McWhorter's motion for leave to exceed the page limit and word count in her response to the amended motion for summary affirmance. We DENY as moot the appellees' initial motion for summary affirmance and the motion to exceed page limits and word count in response to the initial motion for summary affirmance.