**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-14006
Non-Argument Calendar

————————————————

RAY'QUAN HARDING,

*Plaintiff-Appellant,*

*versus*

TRANSUNION LLC,
EXPERIAN INFORMATION SOLUTIONS,
UPSTART NETWORK, INC.,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-23775-RNS

————————————————

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

This action involves claims under the Fair Credit Reporting Act asserted by Ray'Quan Harding against Upstart Network, Inc., TransUnion, LLC, and Experian Information Solutions. *See* 15 U.S.C. §§ 1681 *et seq*. Before us is the district court's dismissal of the claims against Upstart with prejudice and entry of judgment on the pleadings in favor of TransUnion and Experian. Following review of the record and the parties' briefs, we affirm.

**I**

Upstart is a loan servicer. In January of 2021, Upstart serviced a personal unsecured loan with a principal of $5,000 for Mr. Harding. TransUnion and Experian are consumer reporting agencies. Mr. Harding generally alleges that TransUnion and Experian have been inaccurately reporting information in his credit reports due to underlying errors with his Upstart account.

Before bringing this action, Mr. Harding filed a complaint with the American Arbitration Association against Upstart, asserting violations of the FCRA and other federal laws. Although TransUnion and Experian were not parties to the arbitration, Mr. Harding's complaint in the arbitration proceeding named the two reporting agencies and detailed the alleged errors in his credit reports. The arbitrator reviewed the parties' submissions, held an evidentiary hearing in July of 2023, and ultimately concluded that Mr. Harding's claims lacked merit. The arbitral award issued in August

of 2023 and awarded Mr. Harding "nothing" despite his demand for over $800,000. *See* D.E. 67-5 at 2; D.E. 67-6. In a separate proceeding in the Southern District of Florida, a district court entered an order confirming the arbitration award and denied Mr. Harding's motion to vacate the award. *See Upstart Network Inc. v. Harding*, No. 1:23-cv-24579-PCH, 2024 U.S. Dist. LEXIS 13512 (S.D. Fla. Jan. 12, 2024).

In October of 2023, Mr. Harding, proceeding *pro se*, brought this action alleging that there were several errors in his credit reports. He asserted the following claims under the FCRA: (1) inaccurate reporting in violation of 15 U.S.C. § 1681e(b) against TransUnion and Experian; (2) failure to conduct a reasonable reinvestigation in violation of § 1681i(a)(1)(A) against TransUnion and Experian; (3) failure to review information in violation of § 1681i(a)(4) against TransUnion and Experian; (4) failure to modify or delete inaccurate reports under § 1681i(a)(5)(A) against TransUnion and Experian; (5) failure to report a disputed account in violation of § 1681i(c) against TransUnion and Experian; (6) failure to reinvestigate in violation of § 1681s-2(b)(1)(A) against Upstart; (7) failure to report deletion results in violation of § 1681s-2(b)(1)(D) against Upstart; and (8) failure to delete inaccurate and incomplete information in violation of § 1681s-2(b)(1)(E) against Upstart. Mr. Harding also asserted a breach of contract claim against Upstart. He sought actual and punitive damages under § 1681n and § 1681o as well as an order directing the defendants to delete any inaccurate, incomplete, or obsolete information from his credit file.

Upstart moved to dismiss Mr. Harding's fourth amended complaint. TransUnion and Experian jointly moved for judgment on the pleadings. The district court ruled that claim preclusion barred Mr. Harding's claims against Upstart and granted its motion to dismiss with prejudice. The court then concluded that issue preclusion barred Mr. Harding's claims against TransUnion and Experian "to the extent those claims rely on inaccuracies in the underlying Upstart account itself." D.E. 92 at 10. To the extent those claims were independent of the Upstart account, the court held that the claims were not actionable under the FCRA. Accordingly, the court granted TransUnion's and Experian's joint motion for judgment on the pleadings.

## II

We begin with the district court's grant of Upstart's motion to dismiss. Mr. Harding argues on appeal that the district court erred in its application of the doctrine of claim preclusion. He contends that each new inaccuracy creates a new claim that was not resolved in the 2023 arbitration. Mr. Harding also argues that the court failed to accept the allegations in his fourth amended complaint as true.

## A

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (quoting *Chaparro v. Carnival Corp.*, 693

F.3d 1333, 1335 (11th Cir. 2012)). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted).

"In general, if it considers materials outside of the complaint, a district court must convert the motion to dismiss into a summary judgment motion." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (citation omitted). But when the movant attaches an extrinsic document to the motion to dismiss, the court may consider that document "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* (citations omitted). Moreover, at the motion to dismiss stage, a district court may take judicial notice of documents filed in other proceedings. *See, e.g.,* Fed. R. Evid. 201; *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1076 n.9 (11th Cir. 2013).

We likewise "review *de novo* a district court's decision to dismiss an action due to res judicata." *Milner v. Baptist Health Montgomery*, 132 F.4th 1354, 1357 (11th Cir. 2025). "The party asserting res judicata bears the burden of 'show[ing] that the later-filed suit is barred.'" *Id.* (quoting *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1327 (11th Cir. 2024)).

**B**

"Res judicata prevents plaintiffs from bringing claims related to prior decisions when 'the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action.'" *Rodemaker*, 110 F.4th at 1324 (quoting *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020)). "Res judicata comes in two forms: claim preclusion (traditional 'res judicata') and issue preclusion (also known as 'collateral estoppel')." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). As for Upstart, traditional res judicata is at issue. *See id.*

The FCRA "prevent[s] consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Equifax, Inc. v. Fed. Trade Comm'n*, 678 F.2d 1047, 1048 (11th Cir. 1982) (quoting S. Rep. No. 91-517, 91st Cong., 1st Sess. 1 (1969)). Upstart is a furnisher of information, not a consumer reporting agency. *See* § 1681s-2(a). Accordingly, "the only private right of action" Mr. Harding has against Upstart "is for a violation of § 1681s-2(b), which requires furnishers to conduct an investigation following notice of a dispute." *Felts v. Wells Fargo Bank, Nat'l Ass'n*, 893 F.3d 1305, 1312 (11th Cir. 2018) (citing § 1681s-2(c)(1)).

To state a § 1681s-2(b) claim, Mr. Harding must have plausibly pled, at least, two things. *See Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023). "First, a plaintiff cannot recover on a § 1681s-2(b) claim without identifying inaccurate or incomplete information that the furnisher provided to the reporting

agency." *Id.* (citing *Felts*, 893 F.3d at 1313) (emphasis omitted). "And second, to prove an investigation was unreasonable, a plaintiff must point out 'some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.'" *Id.* (quoting *Felts*, 893 F.3d at 1313) (emphases omitted).

On appeal, Mr. Harding does not meaningfully argue that the first three elements of res judicata do not apply to his claims against Upstart—i.e., that there was a prior decision rendered by a court of competent jurisdiction, that was final, and that it involved the same parties. *See Milner*, 132 F.4th at 1357. Nevertheless, we are confident that, by attaching the final arbitral award to its motion to dismiss showing the finality of the decision and the identicality of the parties, Upstart carried its burden to meet the first three elements. Indeed, it is well-settled that final arbitration decisions may have res judicata effect. *See, e.g., Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985) ("[T]he determination of issues in an arbitration proceeding should generally be treated as conclusive in subsequent proceedings.") (citing Restatement (Second) of Judgments § 84(3) (ALI 1982)).

As to the fourth element, we look to whether the "case arises out of the same nucleus of operative fact, or is based upon the same factual predicate" as the prior action. *See Milner*, 132 F.4th at 1361 (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990)). "Indeed, the elements of the claims need not be the same; what matters is whether they arise from a common

nucleus of operative fact." *Id.* at 1361 (citing *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990)). The question is whether the claim "could have been raised in the prior action" even if it was not. *See id.* (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)). Claims that "could have been brought" are generally only those claims "in existence at the time the original complaint" in the earlier action was filed. *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992).

In the arbitration proceeding, Mr. Harding asserted a cause of action under § 1681s-2(b)(1)(A) and (B). In this case, Mr. Harding brought claims under § 1681s-2(b)(1)(A), (B), (D), and (E). Mr. Harding also brought a breach of contract claim in this action but not in the arbitration proceeding. Below and on appeal, Mr. Harding argues that the claims against Upstart are based on facts that arose after the arbitration. Specifically, he contends that each new credit report dispute "triggers a fresh obligation" for the furnisher to investigate and report the results of the investigation to the consumer reporting agency. *See* Br. for Appellant at 22.

This argument fails because Mr. Harding's fourth amended complaint is devoid of the prefatory factual allegation that there is *new* "inaccurate or incomplete information that the furnisher provided to the reporting agency" that arose after August of 2023. *See Milgram*, 72 F.4th at 1218. The only alleged reporting inaccuracy Mr. Harding raises in this suit that he did not allege in his arbitration proceeding is his allegation that TransUnion reported an inaccurate "date updated" on his credit reports. *See* D.E. 51 ¶ 47. He

does not attribute this "date updated" to information that Upstart provided beyond the general allegation that TransUnion forwards disputes to furnishers. *See id.* ¶¶ 19, 50.

Mr. Harding's fourth amended complaint also lacks any "facts [which Upstart] could have uncovered that establish that [its] reported information was, in fact, inaccurate or incomplete" after August of 2023 to correct this alleged TransUnion error. *See Milgram*, 72 F.4th at 1218. In simplest terms, all of Upstart's alleged FCRA violations at issue in his fourth amended complaint occurred during the same period addressed by the arbitration proceeding. Although Upstart has an ongoing "duty not to furnish information about a consumer to a reporting agency if the furnisher 'knows or has reasonable cause to believe' that the information is inaccurate," this ongoing obligation does not obfuscate Mr. Harding's need to identify new factual inaccuracies to overcome res judicata. *See id.* at 1217.

Mr. Harding's additional § 1681s-2(b)(1)(D) and (E) claims—for Upstart's alleged failure to report deletion results or delete inaccurate and incomplete information—fare no better. These subsections of the statute proscribe what the furnisher "shall" do "if the investigation finds that the information is incomplete or inaccurate" or if the disputed information "cannot be verified after any reinvestigation[.]" §§ 1681s-2(b)(1)(D)–(E). Accordingly, there is no reason why these two claims, assuming but not deciding that they are separate claims from those under §§ 1681s-2(b)(1)(A)–(C), could not have been brought in the arbitration proceeding. Indeed, based

on the arbitrator's factual findings, there was no proof that the investigation found incomplete or inaccurate information or that there was information that could not be verified—the prerequisites for the § 1681s-2(b)(1)(D) and (E) duties to be triggered.

Finally, Mr. Harding does not address the breach of contract claim in his brief. "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Such issues will be resurrected only in extraordinary circumstances, which are not present here. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) (discussing the "five situations in which we may exercise our discretion to consider a forfeited issue"). Mr. Harding has abandoned any argument that the district court's conclusion that the breach of contract claim arose out of the common nucleus of operative fact was erroneous. *See id*. His *pro se* status does not exempt him from our forfeiture rules. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We therefore affirm the district court's dismissal of Mr. Harding's claims against Upstart.

## III

We next consider the district court's grant of judgment on the pleadings in favor of TransUnion and Experian, the consumer reporting agencies. Mr. Harding contends that the district court erred by applying the doctrine of issue preclusion because, in his view, each new inaccurate credit report created by Experian and TransUnion constitutes a separate FCRA violation. He argues that

the arbitration did not address the specific factual inaccuracies or the ongoing attendant harm.

## A

"We review *de novo* an order granting judgment on the pleadings." *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014)). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). As in the Rule 12(b)(6) context, we "accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party," here Mr. Harding, when reviewing a motion for judgment on the pleadings under Rule 12(c). *See id. See also* Fed. R. Civ. P. 12(c). We may consider documents attached to a Rule 12(c) motion if they are central to one of the claims and if their authenticity is undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002). We also may judicially notice documents filed in other proceedings. *See* Fed. R. Evid. 201.

## B

"Issue preclusion 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1318 (11th Cir. 2012) (quoting *Taylor*

12                    Opinion of the Court                    24-14006

*v. Sturgell*, 553 U.S. 880, 892 (2008)). The doctrine of issue preclusion applies when:

> (1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior suit; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Id.* "A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff." *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986).

Because TransUnion and Experian were not parties to the arbitration, issue preclusion may apply to Mr. Harding's claims against them. In this action, Mr. Harding brings claims under § 1681e and § 1681i against the two consumer reporting agencies. "To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) (first citing *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1157, 1160 (11th Cir. 1991), and then citing *Nagle v. Experian Info. Sols., Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002)). "The elements of a claim under § 1681i—which focuses on the consumer's credit 'file' rather than his credit 'report'—are the same, except that the plaintiff

needn't show that the agency prepared and distributed a report." *Id.* (citing *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015)). A credit report or file contains "factually inaccurate information" when it is "factually incorrect, objectively likely to mislead its intended user, or both." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020).

Mr. Harding does not meaningfully address each element of issue preclusion separately but generally argues that it does not apply because "the factual issues in this case—specifically, the reasonableness of the investigations and the accuracy of the credit reporting—have not been fully adjudicated" by the arbitration. *See* Br. for Appellant at 21. This argument fails because the threshold showing for § 1681e and § 1681i claims—whether "the agency's report contained factually inaccurate information"—was central to the arbitration proceeding. *See Losch*, 995 F.3d at 944.

In his factual submissions to the arbitrator, Mr. Harding alleged that TransUnion made seven reporting errors and Experian made eight. Mr. Harding asserted that TransUnion failed to report his account's date of first delinquency and compliance condition code. He alleged that TransUnion inaccurately reported his account type, portfolio type, date of last payment, charge off account, and payment history. As for Experian, he asserted that it failed to report his account's portfolio type, date of last payment, date of first delinquency, and date closed. Mr. Harding alleged that Experian inaccurately reported his account's status, high balance, payment history, and balance history.

In his fourth amended complaint, Mr. Harding alleged that TransUnion's and Experian's reports are factually inaccurate because the date of first delinquency, compliance condition code, and date closed are missing. Further, he asserted that his account's payment history, balance history, and date updated are inaccurate. Specifically, regarding the "date updated," Mr. Harding alleged that TransUnion claimed to reinvestigate his account in January of 2024, and, therefore, the account should show a date last updated of January 26, 2024, instead of January 21, 2022. Comparing Mr. Harding's factual submission in arbitration to his fourth amended complaint reveals that the issues at stake—the factual inaccuracies in his credit report—were identical (except for the new "date updated" alleged inaccuracy as to TransUnion, which we will address shortly).

The parties litigated the inaccuracy issue in the arbitration, and the arbitrator found that "the agencies verified that the information provided by [Upstart] was accurate." D.E. 67-5 at 2. There was no evidence before the arbitrator that TransUnion's or Experian's reports were inconsistent with Upstart's records as to Mr. Harding's default on the loan. The determination of the factual inaccuracy issue in the prior litigation was a critical and necessary part of the judgment because a § 1681s-2(b) claimant, as Mr. Harding was in arbitration, must identify the inaccurate or incomplete information that the furnisher provided to the reporting agency as an essential part of the claim. *See Losch*, 995 F.3d at 944. Lastly, Mr. Harding had a full and fair opportunity to litigate the issue in the earlier proceeding. He does not controvert that the arbitrator held

an evidentiary hearing and allowed him to be heard. *See Greenblatt*, 763 F.2d at 1360 (stating that an arbitration decision may have "collateral estoppel effect" if it "affords basic elements of adjudicatory procedure, such as an opportunity for presentation of evidence").

Judgment on the pleadings was appropriate because Mr. Harding has never disputed that the alleged errors in TransUnion's or Experian's credit reporting are not related to his Upstart account. Therefore, when accepting the facts in the complaint as true, collateral estoppel precludes Mr. Harding from arguing that such reporting is inaccurate. He already litigated the accuracy of that reporting in an arbitration proceeding and subsequent confirmation action, and the arbitrator found the reporting to be accurate.

The only alleged reporting inaccuracy for which Mr. Harding is not estopped from asserting is his claim that TransUnion inaccurately reported the "date updated" on his credit reports. But the district court alternatively ruled that this inaccuracy is not actionable under the FCRA because Mr. "Harding fail[ed] to supply any support, either legal or factual, for his theory that any of this information, or lack thereof, resulted in an inaccurate or materially misleading report that would be expected to have an adverse effect on him." D.E. 92 at 13 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016)) (noting that "not all inaccuracies cause harm or present any material risk of harm").

Because Mr. Harding does not challenge the district court's alternative holding that this inaccuracy is not actionable under the

FCRA, that argument is forfeited. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (where an initial brief "fails to clearly raise any challenge to the alternative holdings," and "treats those holdings as though they do not exist," any argument that the holdings were error is abandoned). Indeed, even construed liberally, Mr. Harding makes only a passing reference to the allegedly inaccurate "date updated" in discussing his new post-arbitration claims and damages. *See id.* at 681 ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Accordingly, we affirm.

## IV

We affirm the district court's dismissal with prejudice of Mr. Harding's claims against Upstart. We also affirm the court's entry of judgment on the pleadings in favor of TransUnion and Experian.

**AFFIRMED.**